UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO RANGEL,<br><br>        Petitioner,<br><br>   v.<br><br>JAMES D. HARTLEY,<br><br>        Respondent. | 1:11-cv–01138-SKO-HC<br><br>ORDER DISMISSING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER  (DOC. 1)<br><br>DEADLINE FOR FILING FIRST AMENDED PETITION:  THIRTY (30) DAYS<br><br>ORDER DIRECTING THE CLERK TO SEND PETITIONER A BLANK PETITION FOR WRIT OF HABEAS CORPUS |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is the petition, which was filed on July 11, 2011.

    I.   Screening the Petition

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.

1

The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II.  Background

Petitioner alleges in the petition that he is an inmate of the Avenal State Prison serving a sentence of thirty-seven (37) years to life imposed by the Superior Court of the State of California, County of Fresno, pursuant to Petitioner's conviction of violating Cal. Pen. Code § 261.2 on May 14, 1993.  (Pet. 1.)

2

Petitioner raises the following grounds in the petition:  1) pursuant to Cal. Pen. Code § 2933.5, Petitioner is entitled to receive half-time credit; and 2) the trial court failed to state in the abstract of judgment that Petitioner was entitled to receive fifty percent (half-time) credit.

Attached to the petition is a copy of an order issued on July 1, 2010, by the United States Court of Appeals for the Ninth Circuit in <u>Ramiro Rangel v. James D. Hartley</u>, case number 10-70401.  (Pet. 12-14.)  In the order, the court granted permission to Petitioner to file an application challenging the State of California's 2004 calculation of Petitioner's earliest possible release date.  The court characterized as erroneous this Court's previous dismissal in <u>Rangel v. Hartley</u>, case number 09-cv-00740, of one of Petitioner's previously filed petitions in which he challenged the 2004 calculation.  The appellate court authorized a petition challenging the 2004 calculation and stated the following:

> The issue presented by this application is whether the district court's erroneous dismissal of the 2009 petition, and petitioner's failure to appeal that dismissal, bar any subsequent consideration of the merits of petitioner's challenge to his release calculation.  To the extent necessary, we grant the application, and we leave open the question whether the district court's May 13, 2009 order dismissing petitioner's 2009 petition, and petitioner's failure to appeal the May 13, 2009 order, preclude consideration of the merits of the current petition.  *Cf. Slack v. McDaniel*, 529 U.S. at 478; *McNabb v. Yates*, 576 F.3d 1028 (9th Cir. 2009) (dismissal of habeas petition as untimely constitutes disposition on the merits).

The Ninth Circuit's order permits the filing of the petition in the instant case but does not preclude the Court's routine screening process undertaken with respect to all petitions filed

3

pursuant to § 2254.

III.  <u>Failure to State a Cognizable Sentencing Claim</u>

Federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  <u>Souch v. Schaivo</u>, 289 F.3d 616 (9th Cir. 2002).  Further, this Court accepts a state court's interpretation of state law.  <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1996).  In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless that interpretation has been determined to be untenable or a veiled attempt to avoid review of federal questions.  <u>Murtishaw v. Woodford</u>, 255 F.3d 926, 964 (9th Cir. 2001).

A claim alleging misapplication of state sentencing law involves a question of state law which is not cognizable in a proceeding pursuant to 28 U.S.C. § 2254.  <u>See</u>, <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990) (rejecting a claim that a state court misapplied state statutes concerning aggravating circumstances on the ground that federal habeas corpus relief does not lie for errors of state law); <u>Souch v. Schaivo</u>, 289 F.3d 616, 623 (9th Cir. 2002) (dismissing as not cognizable claims alleging only that the trial court abused its discretion in selecting consecutive sentences and erred in failing to state reasons for

4

1  choosing consecutive terms); Miller v. Vasquez, 868 F.2d 1116,
2  1118-19 (9th Cir. 1989) (dismissing as not cognizable a claim
3  concerning whether a prior conviction qualified as a sentence
4  enhancement under state law).
5      Here, in stating his claims in the petition, Petitioner did
6  not cite to federal law or otherwise appear to rely on it;
7  rather, Petitioner cited only state statutory law.  (Pet. 4.)
8  Petitioner thus is raising claims which are not cognizable in
9  this proceeding.
10     A petition for habeas corpus should not be dismissed without
11 leave to amend unless it appears that no tenable claim for relief
12 can be pleaded were such leave granted.  Jarvis v. Nelson, 440
13 F.2d 13, 14 (9th Cir. 1971).
14     Here, the only facts relied on by Petitioner include a
15 general description of proceedings in the Superior Court
16 involving an evidentiary hearing, and a reference to the trial
17 court's failure to state in the abstract of judgment and minute
18 order that Petitioner was entitled to receive "50 % ½ time
19 credit."  (Pet. 4.)
20     It is not clear whether Petitioner could allege a tenable
21 claim for relief concerning the 2004 calculation.  Accordingly,
22 Petitioner will be given leave to file a first amended petition.
23     IV.  Filing a First Amended Petition
24     As set forth above, the instant petition must be dismissed.
25 Petitioner will be given an opportunity to file a first amended
26 petition to cure the deficiencies.  Petitioner is advised that
27 failure to file a petition in compliance with this order (i.e., a
28 completed petition with cognizable federal claims clearly stated

5

and with exhaustion of state remedies clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated.  Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.

V. Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order; and

3) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

**Dated:    July 21, 2011**               /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE