1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9    RAMIRO RANGEL,               ) 1:11-cv—01138-SKO-HC
                                  )
10                 Petitioner,    ) ORDER DISMISSING THE PETITION FOR
                                  ) FAILURE TO FOLLOW AN ORDER OF THE
11                                ) COURT (DOCS. 1, 5) AND DECLINING
          v.                      ) TO ISSUE A CERTIFICATE OF
12                                ) APPEALABILITY
     JAMES D. HARTLEY,            )
13                                ) ORDER DIRECTING THE CLERK TO
                   Respondent.    ) CLOSE THE ACTION
14                                )
                                  )
15   _____  )

16        Petitioner is a state prisoner proceeding pro se and in

17   forma pauperis with a petition for writ of habeas corpus pursuant

18   to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1),

19   Petitioner has consented to the jurisdiction of the United States

20   Magistrate Judge to conduct all further proceedings in the case,

21   including the entry of final judgment, by manifesting consent in

22   a signed writing filed by Petitioner on July 18, 2011 (doc. 4).

23        Pending before the Court is the petition, which was filed on

24   July 11, 2011.

25        I.   Failure to Prosecute and Follow an Order of the Court

26        On July 22, 2011, the Court found that Petitioner had failed

27   to state a claim cognizable pursuant to § 2254, ordered the

28   petition dismissed with leave to amend, and directed Petitioner

                                    1

to file an amended petition no later than thirty (30) days after the date of service of the order.  The order was served by mail on Petitioner on the same date.  On August 2, 2011, Petitioner moved for a sixty-day extension of time to comply with the Court's order, and the motion was granted on August 4, 2011. Over sixty days have passed since the service of the Court's order granting the extension, but Petitioner has not filed the amended petition or timely sought an extension of time in which to do so.

Local Rule 110 provides that "...failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions... within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate... dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v.

2

Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as the case has been pending since July 2011. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that the failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order directing Petitioner to file an amended petition informed Petitioner that the failure to file a petition

in compliance with the Court's order would result in a
recommendation that the petition be dismissed and termination of
the action.  (Doc. 5, 5-6.)   Thus, Petitioner received adequate
warning that dismissal would result from his noncompliance with
the Court's order.

II.   <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of
appealability, an appeal may not be taken to the Court of Appeals
from the final order in a habeas proceeding in which the
detention complained of arises out of process issued by a state
court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537
U.S. 322, 336 (2003).

A certificate of appealability may issue only if the
applicant makes a substantial showing of the denial of a
constitutional right.  § 2253(c)(2).  Under this standard, a
petitioner must show that reasonable jurists could debate whether
the petition should have been resolved in a different manner or
that the issues presented were adequate to deserve encouragement
to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336
(quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A
certificate should issue if the Petitioner shows that jurists of
reason would find it debatable whether the petition states a
valid claim of the denial of a constitutional right and that
jurists of reason would find it debatable whether the district
court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,
529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of
the claims in the habeas petition, generally assesses their

merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court will declines to issue a certificate of appealability.

III. Disposition

Accordingly, it is ORDERED that:

1)  The petition is DISMISSED without prejudice pursuant to Local Rule 110 for Petitioner's failure to comply with the Court's order; and

2) The Court DECLINES to issue a certificate of appealability; and

3)  The Clerk is DIRECTED to close the action because this order terminates it in its entirety.

IT IS SO ORDERED.

Dated:    October 20, 2011            /s/ Sheila K. Oberto
                                UNITED STATES MAGISTRATE JUDGE

5